IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DATALOGIC SOFTWARE, INC, <br><br> Plaintiff, <br><br> v. <br><br> HOMETEAM TECHNOLOGIES, INC. d/b/a VESTA HEALTHCARE, <br><br> Defendant. | §§§§§§§§§§§§§ |

### DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant HomeTeam Technologies, Inc. ("Defendant" or "HomeTeam") hereby removes to this Court the state court action commenced by Plaintiff DataLogic Software, Inc. ("Plaintiff" or "DataLogic") and pending in the 357th Judicial District Court, Cameron County, Texas, as Cause No. 2024-DCL-00929, with full reservation of any and all rights, defenses, and objections. As grounds for removal, Defendant states as follows:

### I.
### PROCEDURAL HISTORY

1. Plaintiff filed suit against Defendant in the District Court for the 357th Judicial District, Cameron County, Texas, on February 20, 2024.

2. Defendant has not been served with summons and a copy of Plaintiffs' Original Petition (the "Petition").

## II.
## BASIS FOR REMOVAL

3. A civil action initially filed in a state court is removable if the action is one which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a).

4. District courts have original jurisdiction over civil actions between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

5. This action is removable because (1) complete diversity exists between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

6. Removal is also proper because Plaintiff's suit involves a federal question. 28 U.S.C. § 1331. Specifically, Plaintiff is seeking to enjoin Defendant's use of a trademark, VESTA, for which Plaintiff had previously obtained U.S. Trademark Registration Nos. 4,368,136 and 4,368,137. (Petition at ¶ 15). The registrations were subsequently cancelled after Plaintiff failed to file the required trademark maintenance documents. (*Id*.) Plaintiff has re-filed applications with the United States Patent and Trademark Office namely U.S. Trademark Serial Nos. 98/389,486 (VESTA, International Class 9) and 98/389,507 (VESTA, International Class 42) for the exact goods and services identified in DataLogic's Registrations. (*Id*. at ¶ 16) *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg*., 545 U.S. 308, 314 (2005)(holding federal question jurisdiction proper when plaintiff asserts a state law claim that necessarily raises an explicit federal issue, the federal issue is actually disputed and substantial, and the federal forum can entertain the issue without disturbing any congressionally approved balance of federal and state judicial responsibilities).

7. There is only one defendant, which consents to the removal of this case to federal court. 28 U.S.C. § 1446(b)(2)(A).

8. Additionally, this Court is appropriate for purposes of removal because this district and division embrace the place in which the removed action is pending. 28 U.S.C. § 1441(a).

A. **There is Complete Diversity Among Properly Joined Defendants.**

9. Complete diversity requires that "each plaintiff's citizenship must be diverse from that of all defendants." *Id.*

10. The Petition acknowledges that Plaintiff is a corporation existing under the laws of the State of Texas with its principal place of business in Cameron County, Texas. (Petition at ¶ 5).

11. Defendant HomeTeam is a foreign corporation existing under the laws of the State of Delaware with its principal place of business in New York, New York.

12. Accordingly, complete diversity exists between the Plaintiff and Defendant, and the requirements of 28 U.S.C. § 1332(a)(1) are satisfied.

C. **The Amount In Controversy Exceeds $75,000.**

13. If a defendant removes a case from state court to federal court on the basis of diversity jurisdiction, then the defendant bears the burden to show that all the requisites for federal jurisdiction are met, including that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

14. The jurisdictional threshold amount is ordinarily established by the face of the complaint and the dollar-amount actually claimed. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Guijarro v. Enterprise Holdings, Inc.,* 39 F.4th 309, 314 (5th Cir. 2022).

15. Here, Plaintiff has affirmatively plead that it is seeking to recover monetary relief of up to $250,000.00. (Pet. ¶ 11). Accordingly, the amount in controversy requirement is satisfied and the Court may properly exercise diversity jurisdiction over the present action.

## III.
## OTHER REQUIREMENTS

**A.    Timeliness of Notice of Removal**

16. The Defendant has not yet been served with the lawsuit. Therefore, this notice of removal has been timely filed pursuant to 28 U.S.C. § 1446(b)(1).

**B.    Compliance with 28 U.S.C. § 1446 and Local Rules**

17. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, orders, and other filings received by Defendant in this action are attached to this Notice as **Exhibit A**.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of the written notice addressed to Plaintiff and the District Court for the 357th Judicial District, Cameron County, Texas, is attached hereto as **Exhibit B**.

**C.    Jury Demand**

19. Plaintiff has not demanded a jury in the state-court suit.

## IV.
## CONCLUSION

Having fulfilled all statutory requirements, Defendant HomeTeam Technologies, Inc. respectfully removes this action that was commenced in the District Court for the 357th Judicial District, Cameron County, Texas, to this Court, and respectfully requests that this Court assume full jurisdiction over the matter as provided by law and permit this action to proceed before it.

Dated: February 21, 2024

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    /s/ Dwight M. Francis
DWIGHT M. FRANCIS
Texas Bar No. 00785877
AIMEE C. OLESON
Texas Bar No. 24036391
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Tel. (469) 391-7400
Fax (469) 391-7401
dfrancis@sheppardmullin.com
aoleson@sheppardmullin.com

ATTORNEYS FOR DEFENDANT HOMETEAM TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following attorneys of record via the court's electronic filing system on February 21, 2024 to the following counsel of record:

Daniel G. Gurwitz
E. Michael Rodriguez
ATLAS, HALL & RODRIGUEZ, LLP
818 West Pecan Boulevard
McAllen, Texas 78501
dgurwitz@atlashall.com
mrodriguez@atlashall.com
*Attorneys for Plaintiff Datalogic Software, Inc.*

                                            */s/ Aimee C. Oleson*
                                              Aimee C. Oleson